**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ORA PRICE, *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. *14- 644* |
| | ) |
| UNITED STATES GOVERNMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiffs' applications to proceed *in forma pauperis* and their *pro se* complaint. Generally, the plaintiffs' claims arise from their eviction from a public housing unit in New Orleans, Louisiana, and their subsequent efforts to obtain relief for alleged violations of constitutional rights, federal and state law in both federal courts and Louisiana state courts. The Court concludes that the claims must be dismissed.

Under the doctrine of *res judicata*, a prior judgment on the merits of a claim bars a plaintiff from relitigating the same claim. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). Insofar as the plaintiffs attempt to litigate claims arising from their eviction, such claims were or could have been raised previously. *See Natural Res. Def. Council, Inc. v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Moreover, this Court has no authority to review the decisions of another federal district, or the Fifth Circuit Court of Appeals, or the Louisiana state courts. *See Gallo-Rodriguez*

*v. Supreme Court of the United States*, No. 08-1890, 2009 WL 3878073 (D.D.C. Nov. 19, 2009) (dismissing for lack of subject matter jurisdiction claims for review of Supreme Court, federal appellate court, and other district court decisions), *aff'd*, No. 10-5224, 2010 WL 4340397 (D.C. Cir. Nov. 1, 2010) (per curiam). Lastly, the plaintiffs' claims against the judges assigned to their previous court cases must be dismissed, because the judges enjoy absolute judicial immunity from suits for damages. *See, e.g., Mirales v. Waco*, 502 U.S. 9, 9 (per curiam) ("[G]enerally, a judge is immune from a suit for money damages."); *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 343 (D.D.C. 2011).

The Court concludes that plaintiffs' complaint fails to state claims upon which relief can be granted, and, accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE:

3/28/14

_____
United States District Judge